**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EUGENE G. WALTON,

    Petitioner,

-vs-                                        Case No.  8:12-CV-1765-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on August 2, 2012 (Dkt. 1).[1]  On January 15, 2013, Respondent filed a limited response to the petition in which Respondent argued that the petition is untimely and must be dismissed as time-barred (Dkt. 12).[2]  Respondent also filed exhibits in support of the motion to dismiss (Dkt. 14).  After carefully examining Respondent's limited response/motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

---

[1] Although the Court received Petitioner's petition on August 6, 2012, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner placed his petition in the prison mailing system on August 2, 2012 (Dkt. 1 at p. 1).

[2] Petitioner has not filed a reply to the Respondent's response, even though the Court granted Petitioner the opportunity to do so (See Dkt. 8 at p. 4).  Petitioner was also advised that if Respondent incorporated a motion to dismiss the petition in the response, that the granting of the motion would result in dismissal of this case (Id. at p. 3). *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.  Finally, Petitioner was cautioned that if he failed to file a response to a motion to dismiss within 30 days after it was filed, the motion would be taken under advisement and an Order entered thereon without further notice (Id. at p. 4).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on July 25, 2006, ninety (90) days after the appellate court affirmed Petitioner's convictions on April 26, 2006 (Respondent's Ex. 6).[3] *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). Unless the limitation period was tolled by a motion for collateral review, Petitioner had until July 25, 2007, to file his federal petition.

Fifteen (15) days of the limitation period expired before Petitioner filed a post conviction motion pursuant to Fla. R. Crim. P., Rule 3.850, on August 9, 2006 (Respondent's Ex. 8). The limitation period remained tolled until March 2, 2011, when the Second District

---

[3]*See Walton v. State*, 928 So. 2d 350 (Fla. 2d DCA 2006).

Court of Appeal issued its mandate after affirming the order denying his post conviction motion (Respondent's Ex. 18).[4]

Petitioner filed a second Rule 3.850 motion on February 3, 2011 (Respondent's Ex. 19). Although Petitioner's second Rule 3.850 motion was filed while time remained in the one-year limitation period for filing a § 2254 petition, the state post conviction court made an unambiguous finding that Petitioner's state post conviction motion was untimely under state law because it was filed more than two years after the appellate court issued the mandate in his direct appeal (Respondent's Ex. 22). See Fla.R.Crim.P. 3.850. The appellate court *per curiam* affirmed (Respondent's Ex. 24).[5] Therefore, Petitioner's second Rule 3.850 motion was not "properly filed" under § 2244(d)(2). Consequently, the motion did not toll AEDPA's one-year limitation period. *See Sweet v. Sec., Dep't of Corr.*, 467 F.3d 1311 (11th Cir. 2006) (second 3.850 motion that was dismissed as untimely was not "properly filed" and did not toll the AEDPA's one year limitation period).

Because the February 3, 2011 post conviction motion did not toll the federal limitation period, an additional four hundred ninety-five (495) days passed between March 2, 2011, and

---

[4]The appellate court initially reversed the order denying the Rule 3.850 motion (Respondent's Ex. 16). However, the appellate court subsequently granted rehearing, and affirmed the order denying the Rule 3.850 motion (Respondent's Ex. 17).

[5]The appellate court cited to several state cases, including *Hughes v. State*, 22 So. 3d 132 (Fla. 2d DCA 2009), which held that an allegation of "fundamental error" is not a basis to justify an extension of time for the filing of a post conviction motion, and *Logan v. State*, 1 So. 3d 1253 (Fla. 4th DCA 2009), in which the appellate court affirmed the post conviction court's dismissal of petitioner's successive Rule 3.850 motion, which asserted that the trial court lacked subject matter jurisdiction because the Information was invalid, as untimely.

August 2, 2012, the date Petitioner filed his federal habeas petition in this Court. Accordingly, Petitioner's federal habeas petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner does not allege entitlement to equitable tolling of the federal limitation period. Consequently, the petition must be dismissed as time-barred.

ACCORDINGLY, it is **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the

procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
             Counsel of Record